UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1160-J |
| ) | |
| STATE OF OKLAHOMA ex rel., ) | |
| THE BOARD OF REGENTS for the ) | |
| UNIVERSITY OF OKLAHOMA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case arises out of Plaintiff Jane Doe's one-year suspension from the University of Oklahoma Health Sciences Center for allegedly threatening a university administrator. Plaintiff filed suit on October 6, 2025 alleging Defendants wrongfully suspended her in violation of the First and Fourteenth Amendments and the Rehabilitation Act. Now before the Court is Plaintiff's motion for a temporary restraining order (TRO) requesting, among other things, that the Court strike the suspension from her disciplinary record. *See* (Mot.) [Doc. No. 14]. For the reasons that follow, the Court denies Plaintiff's motion.

Federal Rule of Civil Procedure 65 authorizes a district court to issue preliminary relief in the form of a TRO or a preliminary injunction. *See* Fed. R. Civ. P. 65(a)–(b). To obtain such relief, the moving party must demonstrate: "(1) a likelihood of success on the merits; (2) a likelihood that [she] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [her] favor; and (4) that the injunction is in the public interest." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted). Preliminary relief "is an extraordinary remedy, the exception rather than the rule." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (internal quotation marks omitted). Its

issuance is "within the sound discretion of the trial court." *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 354 (10th Cir. 1986).

Here, even assuming Plaintiff will likely succeed on the merits of her claim, she cannot show irreparable harm.  Demonstrating irreparable harm "is not an easy burden to fulfill." *Fish v. Kobach*, 840 F.3d 710, 751 (10th Cir. 2016).  The moving party must show the "injury [to] be certain, great, actual[,] and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted); *Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005) (holding that "speculative harm does not amount to irreparable injury"). Further, "the injury complained of [must be] of such imminence that" but for equitable relief "irreparable injury will surely result." *Schrier*, 427 F.3d at 1267.

Plaintiff first claims that her wrongful suspension irreparably harms her chances of obtaining a residency after completing medical school, consequently harming her reputation and future career prospects.  Mot. at 4.  Specifically, Plaintiff asserts that, "because of [her] disciplinary record," residency programs will likely "screen out [her] applications without [substantive] review."  *Id.*  But Plaintiff has not even applied for residency yet and her alleged injury remains entirely theoretical.  Put another way, because Plaintiff cannot yet cite any "actual lost opportunities" stemming from Defendants' actions, the Court finds Plaintiff's alleged harm too speculative to satisfy the irreparable harm standard.  *See Schrier*, 427 F.3d at 1267 ("Moreover, [plaintiff]'s claim for lost opportunities is speculative; he provided no evidence of actual lost opportunities."); *Pelletier v. U.S.*, No. 1:11-CV-1377-WJM, 2011 WL 2077828, at *3 (D. Colo. May 25, 2011) (declining to halt an immigration hearing because it was impossible to know if the immigration judge would rule against plaintiff, making irreparable harm "uncertain at best"). Further, while the Court recognizes that her disciplinary record may hurt her chances to "match"

with a residency program when she does apply, it does not foreclose the possibility of matching. And "merely serious or substantial" harm is not irreparable harm. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

Plaintiff also argues that courts "have consistently held that violations of constitutional rights—including free speech and due process—[can alone] constitute irreparably injury." Mot. at 5; *see also Planned Parenthood Association of Utah v. Herbert*, 828 F.3d 1245, 1263 (10th Cir. 2016) ("When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."). But the Tenth Circuit has held that while a constitutional violation "weigh[s] heavily in" the irreparable harm analysis, courts "must nonetheless engage in [the] traditional equitable inquiry as to the presence of irreparable harm in [the specific] context [before the court]." *Fish*, 840 F.3d at 752; *Heideman*, 348 F.3d at 1190 (concluding that even with a constitutional violation a court must still consider "the specific character of the . . . claim" before deciding if irreparable harm exists). As discussed above, Plaintiff's alleged injury is entirely speculative. Even in the face of an alleged constitutional violation, such "[s]peculation [and] unsubstantiated fear of what may happen in the future cannot provide the basis for a [temporary restraining order]." *Schrier*, 427 F.3d at 1267.

Finally, the Court notes that a "delay in seeking preliminary relief can cut against finding irreparable injury." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1211 (10th Cir. 2009) (cleaned up). And while delay is "only one factor to be considered among others," *id.*, here, Plaintiff's delay weighs heavily against finding irreparable harm. Plaintiff's suspension became final on June 28, 2024 but Plaintiff offers no explanation—much less a reasonable explanation—for why she delayed seeking relief for sixteen months. The delay "suggests a manufactured urgency rather than a true threat of irreparable harm." *Colo. Union of Taxpayers v. Griswold*, No. 1:20-CV-2766,

3

2020 WL 6290380, at *3 (D. Colo. Oct. 27, 2020); *see also GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984) (holding a three-year "[d]elay undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury."); *but see Kan. Health Care Ass'n, Inc. v. Kan. Dept. of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1544 (10th Cir. 1994) (concluding that a three-month delay does not destroy a party's claim of irreparable injury). And the Court will not create urgency when Plaintiff's own conduct suggests none.

In sum, Plaintiff cannot satisfy her burden to demonstrate irreparable harm, and that, in and of itself, is sufficient basis for the Court to deny Plaintiff's request for injunctive relief. *See Colorado v. EPA*, 989 F.3d 874, 890 (10th Cir. 2021) (declining to consider the remaining factors where plaintiffs failed to show irreparable harm).

Because Plaintiff failed to demonstrate irreparable harm the Court DENIES her Motion [Doc. No. 14].[1]

IT IS SO ORDERED this 16th day of October, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, a court may only issue a temporary restraining order without notice to the adverse party if "the movant's attorney certifies in writing [his] efforts [] to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1). Here, Plaintiff's attorney did not certify that he attempted to give notice to Defendants or explain why the motion should be granted without notice. Without certification, the Court cannot grant Plaintiff's Motion.