**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **Jane Doe, an Individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **State of Oklahoma ex rel.,** ) | |
| ) | |
| **THE BOARD of REGENTS for the** ) | |
| **UNIVERSITY OF OKLAHOMA,** ) | |
| ) | Case No.CV-01160-J |
| **DAVID A. SURRATT**, in ) | |
| his individual and official capacity as ) | |
| Vice President of Student Affairs and ) | |
| Dean of Students, ) | |
| ) | |
| **KALYN CAVAZOS**, in her ) | JURY TRIAL DEMAND |
| individual and official capacity as ) | ATTORNEY LIEN |
| Director of Student Conduct and ) | |
| Assistant Dean of Students AND, ) | |
| ) | |
| **TERRY SCHOFIELD**, in his ) | |
| individual capacity, ) | |
| ) | |
| **Defendants.** ) | |

<u>**PLAINTIFF'S MOTION FOR LEAVE TO CONTINUE PROCEEDING
UNDER PSEUDONYM**</u>

Plaintiff Jane Doe, by and through undersigned counsel, respectfully moves this Court

for Leave To Continue Proceeding Under Pseudonym and for a Protective Order pursuant

to **this Court's Order [Doc. No. 28]**. Filing under pseudonym is necessary to prevent

irreparable harm to Plaintiff's constitutional rights and future medical career while this action

is pending. In support, Plaintiff submits the following brief.

<u>**BRIEF IN SUPPORT**</u>

1

## I. Background

As detailed in the Complaint, Plaintiff, a fourth-year medical student in good academic standing at the University of Oklahoma Health Sciences Center, was suspended for one year based on statements she made during a confidential 988 Suicide and Crisis Lifeline call.

Plaintiff alleges in this action that the University's disciplinary action unnecessarily punished her for **protected speech**, disregarded her fundamental **due process rights**, and constituted **disability discrimination** in violation of **Section 504 of the Rehabilitation Act**.

As set forth in Plaintiff's Motion for Temporary Restraining Order, Plaintiff's ability to apply for residency—a necessary step to becoming a licensed physician—has been effectively destroyed by Defendants' actions in suspending her from medical school for one year. Because this underlying disciplinary record remains active, Plaintiff has been forced to delay submitting her residency application. The suspension itself constitutes an impediment to her profession in the national Match process and endangers her career in the medical profession.

The allegations in Plaintiff's Complaint set forth in detail the underlying basis and process of the University's suspension of Plaintiff. This includes the excerpts of recordings of the confidential phone conversations between Plaintiff and Joy, the 988 Suicide and Crisis Lifeline Counselor, phone conversations between defendant Schofield and the 988 counselor, transcripts from the University's disciplinary proceedings and Plaintiff's confidential mental health diagnoses which are protected by federal HIPAA laws.

## II. Legal Standard

The Tenth Circuit has recognized that "in certain 'exceptional circumstances' the need

for anonymity outweighs the presumption in favor of open court proceedings." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)). Exceptional circumstances warranting anonymity include "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (quotation omitted).

### III. Argument

### A. Allegations in Complaint Constitute Information of a Highly Sensitive and Personal Nature

This case arises from a **confidential mental health crisis call** between Plaintiff and a 988 Suicide and Crisis Lifeline counselor. The subject matter—suicidal ideation, mental health treatment, and disability—is of the most **personal and sensitive** kind. Disclosure of Plaintiff's identity would make public the details of her **mental health records**, **diagnoses**, and school **disciplinary proceedings**, directly implicating the very privacy interests courts have deemed sufficient to justify pseudonym status. Such information is required to be kept confidential and is protected from public disclosure by laws such as the Health Insurance Portability and Accountability Act (HIPAA) and the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA). *See* Compl. Ex. 2 § IV (The University's Student Rights and Responsibilities Code Procedures states, "**Closed Proceedings:** All student conduct hearings are closed to the public.") and Ex. 3 (The University's Student Conduct decision letter states, "if you would like to have your conduct case details shared with anyone outside of yourself, you will need to complete a FERPA Release Form"). It would run contrary to the intent and

3

purposes of those laws to require Plaintiff to disclose that confidential information and irreparably harm her reputation in order to have a court remedy the violation of her constitutional and statutory rights by the Defendants. The Court and the Defendants know the Plaintiff's identity, and the Defendants have absolutely no valid interest in making Plaintiff's name or these personal details about her public, especially since they are prohibited from doing so themselves under HIPAA and FERPA.

### B. Injury Litigated Against Would be Incurred as a Result of the Disclosure of the Plaintiff's Identity

Plaintiff is a fourth-year medical student whose **career depends on professional reputation** and the ability to match into residency. The Match is **intensely competitive**, with approximately **52,000 applicants vying for 43,000 positions** in 2025.

Because of the disciplinary action at issue, Plaintiff must answer "yes" to a **mandatory disclosure question** in the Electronic Residency Application Service (ERAS). That affirmative response automatically flags her file for exclusion, and most programs reject flagged applications without review.

Publicly associating Plaintiff's real name with allegations of a "threat of violence" or mental instability would not only exacerbate the harm this suit seeks to redress but would **effectively end her medical career**. The very injury she seeks to prevent—destruction of her professional reputation and future career—would be caused by disclosure of Plaintiff's identity itself. For example, if the Court were to rule in Plaintiff's favor and order the University to remove the suspension from her record so as to help restore Plaintiff's reputation and career prospects, Plaintiff might still face rejection or cancellation in her residency and

job applications or career nonetheless if this lawsuit is discovered and associated with her, which would easily be done if she had to proceed under her actual name.

## IV. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff Leave To Continue Proceeding Under Pseudonym.

Respectfully submitted,

s/ Rand C. Eddy
OBA# 11822
Eddy Law Firm, P.C.
*Attorney for Plaintiff*
Participating Attorney for
The Rutherford Institute
3644 Rolling Lane Circle
Midwest City, Oklahoma 73110
Tel: (405)203-6675
rand@eddylawok.com

s/ Sawmon Y. Davani
OBA# 34515
Davani Law, PLLC
*Attorney for Plaintiff*
Participating Attorney for
The Rutherford Institute
2405 White Oaks Drive
Norman, OK 73071
Tel: (405) 414-5913
Facsimile (972) 584-1599
sawmon@davanilawpllc.com

**<u>CERTIFICATE OF MAILING</u>**

I hereby certify that, on the 28th day of October 2025, a copy of the forgoing was filed with the Court using the ECF system, which sent electronic notifications to all counsel of record.

<u>s/ Rand C. Eddy</u>
Rand C. Eddy