UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1160-J |
| ) | |
| STATE OF OKLAHOMA ex rel., ) | |
| THE BOARD OF REGENTS for the ) | |
| UNIVERSITY OF OKLAHOMA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff initiated the instant action under a pseudonym without first obtaining the Court's leave. On October 23, 2025, the Court ordered Plaintiff to either amend her Complaint to reflect her real name or to file a motion to continue under a pseudonym. [Doc. No. 28]. Now before the Court is Plaintiff's Motion for Leave to Proceed Under Pseudonym (Mot.) [Doc. No. 30], to which Defendants responded [Doc. No. 33]. Plaintiff did not reply. For the reasons below, the Court DENIES Plaintiff's Motion.

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). There is no "specific statute or rule supporting the practice," and "the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties." *Id.* (citing Fed. R. Civ. P. 10, 17(a)).

Still, a plaintiff may be permitted to proceed under a pseudonym in certain "exceptional cases." *Id.* While "[t]he risk that a plaintiff may suffer some embarrassment is not enough," pseudonym status may be warranted in "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a

result of the disclosure of the plaintiff's identity." *Id.* (cleaned up). Though "a presumption exists in favor of public access to judicial proceedings," *Doe v. Vail Resorts, Inc.*, No. 1:18-CV-197-MEH, 2018 WL 11615589, at *1 (D. Colo. Apr. 10, 2018), there is "a long tradition in the federal courts of plaintiffs bringing suit under an alias." *Speech First, Inc. v. Shrum*, 92 F.4th 947, 950 (10th Cir. 2024).

Plaintiff first contends that her suit warrants anonymity as the subject matter concerns "highly sensitive and personal" medical issues—specifically, suicidal ideation and mental health treatment. Mot. at 3. While the Court recognizes that mental health diagnoses are certainly sensitive, the fact that a case concerns "mental health issues, without more, is insufficient to overcome the presumption in favor of public access." *Doe*, 2018 WL 11615589, at *2 (listing cases). The Court also notes there remain less drastic procedures available, such as the issuance of a protective order, to shield Plaintiff's medical records from public view. *See Roe v. Cath. Health Initiatives Colo.*, No. 1:11-CV-02179-WYD, 2012 WL 12840 (D. Colo. Jan. 4, 2012).

Plaintiff also asserts that "[t]he very injury she seeks to prevent—destruction of her professional reputation and future career—would be caused by disclosure of Plaintiff's identity." Mot. at 4. But the Tenth Circuit has consistently found that mere "economic or professional concerns" do not warrant anonymity. *Nat'l Commodity and Barter Ass'n, Nat'l Commodity Exchange v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

In short, Plaintiff has failed to demonstrate that her need for anonymity "outweigh[s] the public's interest in [an] open court proceeding[]." *Doe v. F.B.I.*, 218 F.R.D. 256, 260 (D. Colo. 2003). Accordingly, the Court DENIES Plaintiff's Motion [Doc. No. 30] and DISMISSES her Complaint [Doc. No. 1] without prejudice. Plaintiff may file an amended complaint captioned with Plaintiff's true name by November 14, 2025.

3

IT IS SO ORDERED this 10th day of November, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE